UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br><br>CARLOS JULIAN RUIZ,<br><br>  Defendant. | Case No. SA:23-CR-00161 JKP |

### UNITED STATES' SENTENCING MEMORANDUM

The United States requests a sentence of eighty (80) years for this defendant whose purpose in life was to sexually assault and exploit children.

1. **CHARGES**

On March 22, 2023, a four-count Indictment was filed in the United States District Court, Western District of Texas, San Antonio Division, charging Carlos Julian Ruiz and Trevor George Metterhauser with one count of aiding and abetting Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a), one count of aiding and abetting Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c), and one count for each defendant involving Penalties for Registered Sex Offenders in violation of 18 U.S.C. §2260A for the sexual abuse and exploitation of CV1.

Defendant Ruiz was also charged on February 8, 2023, by Indictment filed in the United States District Court, Northern District of Texas, with Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a), and Penalties for Registered Sex Offenders in violation of 18 U.S.C. §2260A for the sexual exploitation of Jane Doe.

1

Pursuant to Federal Rule of Criminal Procedure 20, the NDTX case was transferred to this Court and on November 12, 2024, Defendant Ruiz pled guilty to the Sexual Exploitation of Children involving both CV1 and Jane Doe, and to the Penalties for Registered Sex Offenders in each jurisdiction. The government agreed to dismiss Count Two in WDTX Docket 5:23-CR-161-JKP (Aggravated Sexual Abuse) at the time of sentencing, which is scheduled for July 9, 2025, at 10:00 a.m.

2. **FACTUAL BACKGROUND**

The factual background of the case is contained in the Presentence Investigation Report. FBI SA Mackenzie Ferguson will be present at sentencing and prepared to testify to the information provided by the FBI to the United States Probation Office that was not included in the written plea agreement.

3. **A GUIDELINE SENTENCE OF 80 YEARS IS WARRANTED IN THIS CASE**

Defendant Ruiz's conduct, taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), demands a guidelines-range sentence of 80 years' imprisonment. Defendant Ruiz is not just a child predator – he is super-predator. The atrocities this Defendant intentionally inflicted upon children are utterly incomprehensible.

The recommendations of the Sentencing Guidelines are no longer mandatory, but sentencing courts "must consult these Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). The Sentencing Guidelines are "the 'starting point and the initial benchmark.'" *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007) (noting that the Guidelines should "be kept in mind throughout the process")).

This Court therefore "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18

U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009).

The Government is requesting a total sentence of 80 years, which is the advisory guideline sentence. A sentence of 30 years imprisonment should be imposed for the sexual exploitation of CV1 in Count One of WDTX Docket 5:23-CR-161-JKP. A consecutive term of imprisonment of 10 years should be imposed pursuant to Count Three in WDTX Docket 5:23-CR-161-JKP for a total of 40 years in the WDTX case.

A sentence of 30 years imprisonment should be imposed for the separate sexual exploitation of Jane Doe in Count One of NDTX Docket 6:23-CR-0004-H-BU. A consecutive term of imprisonment of 10 years should be imposed pursuant to Count Three in NDTX Docket 6:23-CR-0004-H-BU for a total of 40 years in the NDTX case. The sentences should all run consecutive for a total sentence of 80 years imprisonment as there are two different victims, exploited in different Districts, suffering different harm all caused by Ruiz who had already committed a sex offense against another young child and was a registered sex offender at the time he preyed on these children. Defendant Ruiz should not be rewarded or get any type of "discount" for causing more children harm. None of the terms of imprisonment should run concurrently or it sends the message that these children are concessionary or discountable. They are not.

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in section 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care,

3

or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Consideration of these factors necessitates an 80-year sentence.

### A. Nature and circumstances of the offenses

The nature and circumstances of Ruiz's offenses are horrific. Not only is this defendant responsible for the sexual abuse and exploitation of at least nine children, eight of which he identified during his interview with the FBI, but he provided one of those children, a 2-year-old little girl with special needs, to another registered sex offender for the sole purpose of sexually assaulting and exploiting her. Ruiz warned the sex offender that the little girl should be drugged and suggested the other sex offender bring narcotics with him to give to the child so that she would not scream as she was being sexually assaulted and draw attention to them. So, the other sex offender brought Oxycodone with him from the east coast and drugged the little girl by mixing the narcotic into her drink.

<u>Ruiz's offense conduct warrants an 80-year sentence</u>

The seriousness and duration of Ruiz's offense conduct demonstrate the necessity of a sentence of 80 years. Ruiz did not suffer from a solitary lapse in judgment. His conduct was calculated and premeditated. He not only produced the child sexual abuse material of these two victims, but he shared the child sexual abuse material of Jane Doe to others who use children for sexual gratification. Ruiz delivered a very small child to a known sex offender for the sole purpose of assaulting and exploiting her. He recommended she be drugged to not be detected.

### B. History and characteristics of the defendant

Ruiz's history and characteristics also weigh strongly in favor of an 80-year sentence. Ruiz is a deviant child predator who for all his adult life and even beginning as a child himself, engaged in a frightening pattern of sexually exploiting very young children. Ruiz has spent the majority of

his life preying on vulnerable children and taking every opportunity to victimize very young children. The devastation caused to numerous children by this one-man crime wave is immeasurable.

The PSR fails to identify anything remarkable in Ruiz's childhood or life that could explain his offense conduct. There is no indication of substance abuse or sexual abuse. Although he self-reports some physical abuse, this does not explain nor justify his early interest and strong devotion to the sexual abuse of children.

### C. Adequate deterrence and the need to protect the public

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Ruiz fits well within that class. "Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders." *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006). Ruiz's pattern of sexual exploitation of the children in the community evidences a high probability of recidivism if this Court allows him the chance to reenter society. A strong need thus exists to protect children in the community from Ruiz—now and well into the future.

Beyond protecting children from Ruiz's uncontrollable need to sexually assault children, this Court should also impose an 80-year sentence to send a strong warning to other individuals involved in similar conduct. An 80-year sentence signals to anyone inclined to violate the innocence of a child that such behavior is abhorrent and will be punished harshly.

### D. Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment

"Retribution is a valid penological goal." *Glossip v. Gross*, 135 S. Ct. 2726, 2769 (2015) (Scalia, J. concurring).  The court in *U.S. v. Irey* explained "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d1160, 1206 (11th Cir. 2010). Punishment is the way in which society expresses denunciation of wrongdoing, and it is thus essential that this Court promote and maintain respect for the law by pronouncing sentences that fully reflect society's revulsion. *See Gregg v. Georgia*, 428 U.S. 153, 184 n. 30 (1976) (citing Royal Commission on Capital Punishment, Minutes of Evidence, Dec. 1, 1949, p. 207 (1950)). Child sex crimes are among the most egregious and despicable of societal and criminal offenses.  Here, the seriousness of the crimes, taken with the need for just punishment and the goal of promoting respect for the law, weigh heavily in favor of an 80-year sentence.

This Court's sentence must reflect the need to "promote respect for the law." 18 U.S.C. § 3353(a)(2)(A). When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which included 18 U.S.C. § 2251, was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. Analogously, when Congress passed the Telecommunications Act of 1996, it amended 18 U.S.C. § 2422 to prohibit individuals from using the newly available internet to entice minors into prostitution or other sex-based crimes. PL 104–104, February 8, 1996, 110 Stat 56.

But those Acts, and their later amendments, are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. Child sex abuse "is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual

development in ways which no just or humane society can tolerate." *See Kennedy v. Louisiana*, 554 U.S. 407, 468 ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting) (citation omitted).

The fact that Ruiz has committed crimes against children for most of his life, was caught and prosecuted for some of those offenses, was supervised and provided sex offender treatment and NEVER stopped or even slowed down in his detestable obsession to have sex with children shows he is either unwilling or unable to stop. The distinction between them being essentially irrelevant. This Court's sentence must express an appropriate level of social condemnation of his crimes, as well as restore public confidence in our laws and in the safety of children in our school systems. A downward variance does not achieve those ends.

4. **CONCLUSION**

This Court should sentence Ruiz to a term of 80 years' imprisonment. Nothing in the offense conduct or Ruiz's history and characteristics warrants a downward departure or variance. A guidelines sentence of 80 years' imprisonment is the only reasonable sentence because it is the only sentence that reflects the seriousness of Ruiz's crimes, provides just punishment for those crimes, fully protects children in the community, and promotes respect for the law.

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

s/ *Tracy Thompson*
TRACY THOMPSON
Assistant United States Attorney
Western District of Texas
TX Bar No. 24107031
Tracy.thompson@usdoj.gov
(210)210-384-1754

**CERTIFICATE OF SERVICE**

     I hereby certify that on **July 23, 2025**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Western District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney(s) of record who have consented in writing to accept this Notice as service of this document by electronic means:

Molly Roth, attorney for Carlos Julian Ruiz.

                                                             s/ *Tracy Thompson*
                                                             TRACY THOMPSON